O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 08-0601-DOC                                    Date:  September 20, 2012
      SACR 05-0072-DOC

Title: JOEL BOYD. V. UNITED STATES OF AMERICA

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                         N/A
Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING PETITIONER'S
MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody ("Motion") filed by Petitioner Joel Boyd ("Petitioner"). (Dkt.
1). After reviewing the motion, opposition, and reply, the Court DENIES Petitioner's
Motion. The Court finds the matter appropriate for decision without oral argument.  Fed
R. Civ. P. 78; Local R. 7-15.

## I.      Background

On January 25, 2006, Petitioner was convicted of conspiracy to interfere with
commerce by robbery, interference with commerce by robbery, and using, carrying, or
brandishing a firearm during a crime of violence. Mot. (Dkt. 1) at 2. He was sentenced to
322 months. *Id.* The conviction was affirmed on appeal by the Ninth Circuit and the
petition for writ of certiorari was denied by the Supreme Court. *United States v. Boyd*,
480 F.3d 1178 (9th Cir. 2007); *Boyd v. United States*, 550 U.S. 977 (2007). The same
counsel ("Counsel") represented Petitioner during both the trial and the appeal.

On May 29, 2008, Petitioner filed the present Motion arguing that his conviction
should be set aside due to ineffectiveness of counsel in violation of the Sixth Amendment

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                  Date:  September 20, 2012
      SACR 05-0072-DOC                                                      Page 2

---

and prosecutorial misconduct. Mot. (Dkt.1) at 4-6. Petitioner is represented by different
counsel in this motion than at trial and on appeal. *Id.* at 1.

### a.  Pre-trial

Counsel states he met with Petitioner before the trial to discuss possible defenses.
Counsel Decl. (Dkt. 252) at ¶ 3. Counsel also states that, prior to trial, he discussed the
consequences of a change of plea versus trial, and because Petitioner was a "career
offender" and claimed to have information regarding unrelated cases, Counsel advised
Petitioner that a plea agreement was in his best interest. *Id.* at ¶¶ 4-5.

### b.  Trial

At trial, Petitioner claims in his Motion that Counsel did not object to government
witness K.S.'s testimony that although she only saw one of the two men that who
committed the robbery, she assumed the man she did not see was African American,
which is the same race as the Petitioner. Mot. (Dkt. 1) at 5. Counsel claims he did not
raise an objection to the testimony because he believed that the jury would see the
assumption was "ridiculous," which would discredit the witness. Counsel Decl. (Dkt.
252) at ¶ 8.

Petitioner claims in his Motion that Counsel brought in evidence of another
pending case in which the Petitioner was also indicted involving cashing stolen treasury
checks. Mot. (Dkt. 1) at 5. Counsel played the recording of the statement Petitioner made
to FBI Special Agent Mark Matthews ("SA Matthews"), which included a confession to
the check-cashing scheme. Counsel Decl. (Dkt. 252) at ¶ 9. Counsel alleges that
introducing evidence of the check-cashing scheme through the recording during trial was
part of a tactical decision to discredit SA Matthew's testimony that Petitioner admitted to
the robbery off the record. *Id.*

At trial, a coconspirator ("Coconspirator R") testified that the Petitioner was one
of the men involved in the robbery, and SA Matthews testified the Petitioner confessed to
the crime off the record. Resp., SACR 05-72-DOC-1 (Dkt. 250) Ex. A, Ex. C. United
States Secret Service Special Agent Wesley Schwark also testified that the Petitioner
admitted to committing the crime. Resp. (Dkt. 250) at 4. The government also played a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                            Date: September 20, 2012
        SACR 05-0072-DOC                                          Page 3

---

recording of a jailhouse conversation between the Petitioner and a coconspirator
("Coconspirator W"). Mot. (Dkt. 1) at 4. Counsel objected to the playing of the tape. *Id.*

### c. Closing Arguments

During closing arguments, Counsel made several comments regarding the
Petitioner. First, Counsel said Petitioner and the other person in Petitioner's recorded
calls "did not grow up in the neighborhood [Counsel] grew up in, did not grow up
probably in the neighborhoods [the jury] grew up in, and have a different way of
speaking to one another when they're referring to certain thing." Mot. (Dkt. 1) at 5.
Counsel claims he made this statement to "detract from the impact of [Petitioner's] use of
language during the recorded calls." Counsel Decl. (Dkt. 252) at ¶ 10.

> Second, Counsel stated:
> [T]hese are people—and I hesitate to say this—but these are people that
> are familiar with the system and are making types of decisions that you've
> never had to make. . . I know you don't like hearing about this stuff,
> because it's dirty. But that's what happens. That's reality. This isn't TV.
> This is real.

Mot. (Dkt. 1) at 5. Counsel "didn't like listening to the phone conversations… because of
the way [Petitioner] spoke." *Id.* Counsel claims he made these statements so the jury
would not use Petitioner's discussion with his mother regarding his plea agreement as an
admission of guilt. Counsel Decl. (Dkt. 252) at ¶ 11.

Finally, Counsel also tells the jury that Petitioner told a coconspirator to give up if
the FBI shows up because "if a person suspected of a violent crime doesn't give up, they
get shot. I'm not saying there is anything wrong with that. As a matter of fact, there's
probably something right with it." Mot. (Dkt. 1) at 5. Counsel claims he made this
comment following a recording the jury heard where the Petitioner is heard telling his
coconspirator to give himself up if the FBI arrests him. Counsel Decl. (Dkt. 252) at ¶ 12.
Counsel claims he wanted the jury not to misconstrue what they heard in the recording as
an admission. *Id.*

During the AUSA's closing arguments Petitioner claims the AUSA called
Petitioner's wife and mother, who both testified at trial, "liars." Mot. (Dkt. 1) at 5. At

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                    Date:  September 20, 2012
      SACR 05-0072-DOC                                              Page 4

---

trial, the AUSA said, "It's the prosecution's position [Petitioner's mother and wife] lied on the witness stand. They weren't mistaken. They didn't have a memory lapse. They lied." Resp. (Dkt. 250) at 5. The Government argues that after the comment was made, the AUSA went through the evidence to show why the testimony of Petitioner's wife and mother was not believable. *Id.* Counsel did not object to this comment at the time it was made. Mot. (Dkt. 1) at 5. Counsel did not object because Counsel did not believe the comment could be considered misconduct. Counsel Decl. (Dkt. 252) at ¶ 13.

The AUSA also made the following comments during the rebuttal arguments: (1) "I'm not gonna try and explain to you what reasonable doubt is, because when that happens, that's lawyers trying to get you to view the law the way they want you to view it"; (2) "what I suspect everyone in this room, other than the defense, realizes is that there are a multitude—a multitude of crimes that will violate both federal and state law"; and (3) and the AUSA repeatedly referred to the defense argument as "counsel said" and "counsel may say." Mot. (Dkt. 1) at 5. Counsel did not object two the second and third comments at the time they were made. *Id.* Counsel did not object because he did not believe the comments could be considered misconduct. Counsel Decl. (Dkt. 252) at ¶ 13. Counsel did move for a mistrial after the AUSA's first comment. Resp. (Dkt. 250) Ex. D.

### d.  Appeal

Petitioner was represented by the same counsel at trial and on appeal. Mot. (Dkt. 1) at 4. Petitioner's Reply ("Reply") claims Counsel never explained why the appeal argument chosen was the best strategy, and since the issue on appeal lost at trial, Petitioner expected Counsel to "dig a little deeper." Rep. (Dkt. 27) Ex. 1. Counsel claims he consulted with Petitioner and, based on the facts, the best argument on appeal would be that the robbery did not interfere with interstate commerce. Counsel Decl. (Dkt. 252) at ¶ 14. Counsel also claims he informed the Petitioner that he was free to choose another lawyer from the appellate panel. *Id.* Counsel alleges that the Petitioner agreed with the strategy, but made a comment to the effect that if the appeal failed an ineffective assistance of counsel motion would be raised. *Id.* Petitioner denies making any such comment. Rep. (Dkt. 27) Ex. 1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                           Date:  September 20, 2012
        SACR 05-0072-DOC                                            Page 5

---

## II.        Legal Standard

A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the motion combined with the files and records of the case "conclusively" show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *Id.*

The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). In a successful § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

## III.       Discussion

The Motion aims to vacate, set aside, or correct the sentence based on the following three arguments: (1) Petitioner received ineffective assistance of trial counsel; (2) Petitioner received ineffective assistance of appellate counsel; and (3) the AUSA committed prosecutorial misconduct. Mot. (Dkt. 1) at 4-6.

### a.   Petitioner Did Not Receive Ineffective Assistance of Trial Counsel

The standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance is constitutionally deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A petitioner claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case: (1) "his counsel's performance was so deficient that it fell below an objective standard of reasonableness", and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                      Date:  September 20, 2012
      SACR 05-0072-DOC                                                            Page 6

---

proceeding would have been different." *Hensley v. Crist*, 67 F.3d 181, 184-85 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. at 687-88, 694). An after-the-fact examination of counsel's performance "is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.3d 1251, 1253 (9th Cir. 1987).

     In order to show that counsel's performance fell below objectively reasonable standards, Petitioner must present more than unsupported allegations. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *compare id.* ("The petition indicated exactly what the terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication… we conclude that Allison's petition should not have been summarily dismissed.") *with United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.") (citing to *Farrow v. United States,* 580 F.2d 1339, 1360–61 (9th Cir.1978) (en banc)). "[T]he petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976). Furthermore, a district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, "viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985) (citations omitted) (internal quotations omitted).

     Petitioner argues he received ineffective assistance of trial counsel for the following reasons: (1) Counsel presented the Government's recommendation of settlement without explaining the consequences of a change of plea versus trial; (2) Counsel did not object to witness K.S.'s testimony that, although she only saw one of the two men that allegedly committed the robbery, she assumed the man she did not see was African American, which is Petitioner's race; (3) Counsel brought in evidence of another pending case involving cashing stolen treasury checks in which Petitioner was indicted; (4) Counsel made prejudicial remarks about Petitioner during closing arguments; and (5) Counsel failed to object to prosecutorial misconduct of the AUSA. Mot. (Dkt. 1) at 5.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                      Date:  September 20, 2012
         SACR 05-0072-DOC                                               Page 7

---

        **i.**       **Allegation 1: Counsel presented the Government's recommendation of settlement without explaining the consequences**

       Petitioner argues that Counsel presented the Government's recommendation of settlement without explaining the consequences of a change of plea versus trial, including not explaining Petitioner's maximum sentence exposure if he went to trial, the defenses to be presented at trial, the prosecution's evidence and strength versus the defense's evidence and its strength, and an evaluation of the risks of trial and the probability of receiving a sentence after trial more favorable than the government's recommendation. Mot. (Dkt. 1) at 5.

       The Government contends Petitioner's allegations are not true. Resp. (Dkt. 250); Counsel Decl. at ¶¶ 3-4. Counsel claims he met with Petitioner before the trial to discuss possible defenses and consequences of a change of plea versus trial. Counsel Decl. at ¶¶ 3-4.

         **a.  Petitioner's allegation is not properly supported**

       In *United States v. Nahodil*, the petitioner successfully appealed a district court's dismissal of his § 2255 motion without an evidentiary hearing when the record provided evidence that the petitioner would not have pled guilty but for his counsel's ineffective assistance of counsel. *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In *Nahodil*, the record "substantiated [the petitioner's] claim that he was quite reluctant to plead guilty" when the record showed petitioner did not want to admit that he used a weapon during the incident for which he was being charged, petitioner interrupted the hearing numerous times to confer with his attorney, and petitioner attempted to enter a plea of *nolo contendere* during the hearing. *Id.*

       Unlike the petitioner in *Nahodil* who was able to provide evidence that he did not agree with Counsel's strategy, Petitioner's assertion that Counsel did not explain the consequences of a change of plea versus trial is not supported by the record, nor properly alleged. The Motion indirectly asserts that a meeting took place between Counsel and Petitioner to discuss plea options before the trial, but alleges that the plea options were not sufficiently explained. Mot. (Dkt. 1) at 5. Counsel offers a signed declaration under penalty of perjury stating he discussed the pros and cons of accepting a plea versus trial, as well as the best strategy to implement for the case. Counsel Decl. (Dkt. 252) at ¶ 14. The Petitioner offers no part of the record, name of a witness, or specific details

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                    Date:  September 20, 2012
        SACR 05-0072-DOC                                              Page 8

---

surrounding the allegation to support his claim, thus Petitioner's claim is no more than a conclusory allegation and dismissal is proper. If Counsel discussed plea options and trial strategies with the Petitioner, then Counsel performed in an objectively reasonable manner as required by the first prong of *Strickland*.

### b.  Counsel's performance did not cause prejudice

        Furthermore, even if Petitioner's first allegation is not dismissed for lack of record, under the second *Strickland* requirement, the Petitioner must also prove that Counsel's deficiencies led to prejudice. Petitioner must show, with more than unsupported allegations, that he would have accepted the plea bargain. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")  In Petitioner's Reply, he makes several claims against Counsel's effectiveness, but Petitioner never claims that but for Counsel's ineffectiveness in describing plea options or trial strategies, Petitioner would have elected for a different course of action or would have pled guilty. Rep. (Dkt. 27) Ex. 1. Therefore, even if Counsel fell below the objective standard of reasonableness, Petitioner has not met his burden to prove prejudice. Thus, his claim of ineffective assistance of counsel based on the first allegation must be DENIED.

### ii.     Allegation 2: Counsel did not object to witness K.S.'s "highly prejudicial" testimony

        Petitioner argues that because Counsel did not object to government witness K.S.'s testimony that she assumed that the man she did not see was African American, which is Petitioner's race, Counsel provided ineffective assistance of counsel. Mot. (Dkt. 1) at 2.

        The government contends that not objecting to K.S.'s testimony was a tactical decision. Counsel claims he did not object to the testimony because he believed that the jury would see the assumption was "ridiculous" and it would discredit the witness. Counsel Decl. (Dkt. 252) at ¶ 8. Government additionally alleges that the other evidence presented at trial, such as SA Matthew's testimony that the Petitioner confessed to the crime and the Coconspirator R's testimony that Petitioner committed the crime, was

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                              Date:  September 20, 2012
      SACR 05-0072-DOC                                             Page 9

---

enough to convict the Petitioner, therefore there could have been no prejudice. Resp. (Dkt. 250) Ex. A, Ex. C.

Here, Petitioner has not raised a claim that falls outside of the "wide latitude" Counsel is allowed when deciding how to best proceed with the case, as "[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). Furthermore, "a few missed objections alone, unless on a crucial point, do not rebut the strong presumption that counsel's actions (or failures to act) were pursuant to his litigation strategy and within the wide range of reasonable performance." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998). Counsel has explained his tactical decision not to object to witness K.S.'s testimony was to discredit the witness, and his decision does not fall below an objectively reasonable standard. Furthermore, even if Counsel erred in failing to object, it was not on a crucial point and thus not sufficient to declare his performance as ineffective. Thus, the first *Strickland* requirement of objective unreasonableness is not met.

As Petitioner's second allegation does not meet the first requirement to establish ineffective assistance of counsel, it is unnecessary to discuss prejudice. Thus, the Court finds the claim for ineffective assistance of counsel based on Petitioner's second allegation is DENIED.

### iii.    Allegation 3: Counsel brought in evidence of another pending case in which Petitioner was indicted

Petitioner claims that Counsel's decision to bring in evidence of another pending case involving Petitioner is grounds for ineffective assistance of counsel. Mot. (Dkt. 1) at 5.) The petitioner alleges that Counsel brought up the check cashing scheme repeatedly. *Id.* Petitioner claims that Counsel insisted on using the case as part of the defense, and that the prosecution was able to use the other case to convict Petitioner in the present case. *Id.* Petitioner's Reply adds that he was not involved with and did not approve the trial strategy. Rep. (Dkt. 27) Ex. 1.

Counsel alleges that introducing evidence of the check-cashing scheme at trial was part of a tactical decision to argue to the jury that any admissions made by the Petitioner to SA Matthews on the record were not referring to the robbery—the conviction Petitioner attacks here—but to the check fraud scheme. Counsel Decl. (Dkt. 252) at ¶ 9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                          Date:  September 20, 2012
          SACR 05-0072-DOC                                    Page 10

---

The Government also presents excerpts of the trial record to show that at trial there was sufficient evidence that there can be no showing of prejudice in Petitioner's case because the evidence of guilt was overwhelming, such as SA Mattews and the Coconspirator R's testimonies at trial. Resp. (Dkt. 250) Ex. A, Ex. C.

In *United States v. Coleman*, there was a tape which contained damaging but admissible statements made by the petitioner, as well as statements referring to criminal activity outside of the case being tried that would typically not be admissible. *United States v. Coleman*, 707 F.2d 374, 378 (9th Cir. 1983). The government offered to play an edited version of the tape so as to exclude evidence of unrelated crimes, but petitioner's counsel insisted the tape be played in its entirety, presumably to soften the effect of the relevant criminal admissions. *Id.* The court held that counsel's conduct was not deficient. *Id.* The court reasoned that the decision to bring in the evidence of outside criminal activity was one of trial strategy, and, furthermore, the evidence against the petitioner was so strong that prejudice would be difficult to prove. *Id.*

Here, Counsel claims that bringing in the evidence of Petitioner's confessions to the check-cashing scheme were part of his trial strategy to minimize the effect of SA Matthew's testimony by trying to show that any confessions made on the record did not refer to the robbery, and therefore casting doubt as to whether Petitioner made any off-the-record confessions of guilt about the robbery. Counsel Decl. (Dkt. 252) at ¶ 9. Counsel's trial decisions are given a high degree of deference, and trying to minimize the testimony of SA Matthew does not fall below the standard of reasonableness. Thus, Petitioner has failed to establish that Counsel's actions meet the first requirement for ineffective assistance of counsel.

Furthermore, like the petitioner in *Coleman*, Petitioner in the present case cannot establish that he was prejudiced by Counsel's choice to admit evidence of the check-cashing scheme given the weight of the evidence against him, such as the incriminating testimonies of SA Matthew and Coconspirator R. Thus, Petitioner has failed to prove the second Strickland requirement to establish ineffective assistance of counsel.

As Petitioner fails to establish either of the *Strickland* requirements to prove ineffective assistance of counsel, Petitioner's claim of ineffective assistance of counsel based on the third allegation is DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                    Date:  September 20, 2012
      SACR 05-0072-DOC                                                     Page 11

---

          **iv.**    **Allegation 4: Counsel made prejudicial remarks about**
                   **Petitioner during closing arguments**

      Petitioner alleges Counsel made prejudicial remarks about Petitioner during
closing arguments. The statements by Counsel to which Petitioner objects are:

      (1) Counsel's comments to the effect that the Petitioner "did not grow up in
      the neighborhood [Counsel] grew up in, did not grow up probably in the
      neighborhoods [the jury] grew up in, and have a different way of speaking
      to one another when they're referring to certain things";
      (2) "these are people—and I hesitate to say this—but these are people that
      are familiar with the system and are making types of decisions that you've
      never had to make.";
      (3) Counsel "didn't like listening to the phone conversations… because of
      the way [Petitioner] spoke";
      (4) Counsel also told the jury that Petitioner told a coconspirator to give up
      if the FBI shows up because "if a person suspected of a violent crime
      doesn't give up, they get shot. I'm not saying there is anything wrong with
      that. As a matter of fact, there's probably something right with it." Mot.
      (Dkt. 1) at 5.

      Government argues Counsel was effective because Counsel's language used at
closing argument were parts of tactical decisions. Counsel claims he made these
statements to "detract from the impact of [Petitioner's] use of language during the
recorded calls," to ensure the jury would not use Petitioner's discussion with his mother
regarding his plea agreement as an admission of guilt, and to dissuade the jury from
misconstruing what they heard in the recording as an admission of guilt. Counsel Decl.
(Dkt. 252) at ¶ 10-11. The Government also presents excerpts of the trial record to show
that there could be no prejudice as there was sufficient evidence to warrant a conviction,
such as testimony from a Coconspirator R and SA Matthews that Petitioner committed
and admitted to the robbery. Resp. (Dkt. 250) Ex. A, Ex. C.

      The Petitioner's claim that counsel's remarks fell below the first *Strickland*
standard fails because Counsel's trial decisions are given a high degree of deference and
Counsel claims his comments were part of his trial strategy to minimize the impact of the
evidence against his client and the type of language the jury may have heard the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                   Date:  September 20, 2012
      SACR 05-0072-DOC                                                  Page 12

---

Petitioner using. In *Fairbank v. Ayers*, the Ninth Circuit stated, "[e]ven though at times trial counsel did not paint [petitioner] in the most sympathetic light, counsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in a useless charade."  *Fairbank v. Ayers*, 650 F.3d 1243, 1255 (9th Cir. 2011) cert. denied, 132 S. Ct. 1757 (2012) (citations omitted) (internal quotations omitted).

      The first and third comments were made in reference to recordings played for the jurors where they heard Petitioner speak. Counsel claims he wanted to minimize the impact of Petitioner's language. The second comment was in response to a recorded telephone call in which the Petitioner discusses plea agreements with his mother. It is quite reasonable that these three comments were part of a strategy to address the evidence the jury heard and "impress the jury with his candor" by openly acknowledging that his client was someone they would not find sympathetic. *Fairbank*, 650 F.3d at 1255.

      The fourth comment was an attempt to reroute the jury's possible opinion of guilt based on a recording where the Petitioner told a coconspirator to give in if the FBI if they came after him. Counsel's comment about there probably being something right about the FBI shooting someone suspected of committing a violent crime was probably unnecessary, but does not cross the line to objective unreasonableness because it was not a prejudicial remark about the Petitioner.

      As Petitioner fails to meet the first *Strickland* requirement, it is unnecessary to investigate whether Counsel's choice led to prejudice. Thus, Petitioner's claim of ineffective assistance based on Petitioner's fourth allegation is DENIED.

      **v.**      **Allegation 5: Counsel failed to object to "prosecutorial misconduct" of the AUSA**

      Petitioner also alleges Counsel failed to provide effective assistance of trial counsel when Counsel failed to object to "prosecutorial misconduct" of the AUSA. Mot. (Dkt. 1) at 5. Petitioner argues two reasons for prosecutorial misconduct. First, Petitioner claims the AUSA "called Petitioner's wife and mother liars." Mot. (Dkt. 1) at 5. Secondly, Petitioner contends that the AUSA's rebuttal comments repeatedly disparaged Counsel. *Id.* For example, the AUSA stated "that's lawyers trying to get you to view the law the way they want you to view it," "what I suspect everyone in this room, other than

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                      Date:  September 20, 2012
        SACR 05-0072-DOC                                                        Page 13

---

the defense, realizes is that there are… a multitude of crimes that will violate both federal and state law," and finally, repeatedly referring to the defense arguments as "counsel said" and "counsel may say." *Id.*

       The Government contends Counsel was effective because Counsel did not believe the AUSA's closing argument was improper. Resp. (Dkt. 250) at 10-13. The Government contends that Petitioner misrepresents the AUSA's comments because the AUSA never called Petitioner's mother and wife liars, but rather stated that they lied on the witness stand and went through how the evidence made their testimonies unbelievable. Resp. (Dkt. 250) at 5-6. ("It's the prosecution's position [Petitioner's mother and wife] lied on the witness stand. They weren't mistaken. They didn't have memory lapse. They lied."). The Government argues that the comments made by the AUSA did not disparage Counsel and Counsel claims he did not find the comments offensive or disparaging. *Id.*

       Petitioner's fifth allegation fails for two reasons. First, the AUSA did not use the word "liars" when referring to Petitioner's mother, thus part of the allegation is factually inaccurate. Second, Counsel has wide discretion on how to represent his client. If Counsel did not find the statements made by the AUSA objectionable, then a high degree of deference must be paid to this decision. The Ninth Circuit has stated, "many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). Moreover, Petitioner cites no authority to find the phrases "counsel said" or "counsel may say" indicative of "prosecutorial misconduct." This part of the allegation may be rejected as "patently frivolous." *Marrow*, 772 F.2d at 526. Petitioner's allegations are not sufficient to overcome the high presumption that Counsel acted reasonably.

       As Petitioner fails to meet the first *Strickland* requirement, it is unnecessary to investigate whether Counsel's choice led to prejudice. Thus, Petitioner's claim of ineffective assistance of counsel based on Petitioner's fifth allegation is DENIED.

                              **vi.    Conclusion**

       For the foregoing reasons, the § 2255 motion on the grounds of ineffective assistance of trial counsel is DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                        Date:  September 20, 2012
      SACR 05-0072-DOC                                                               Page 14

---

**b.  Petitioner Did Not Receive Ineffective Assistance of Appellate
Counsel**

The *Strickland* standard of ineffective assistance of counsel also applies to the
appeals process, meaning counsel must have performed "below an objective standard of
reasonableness" and "there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different." *Strickland*,
466 U.S. at 687-88, 694. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) ("A
failure to raise untenable issues on appeal does not fall below the *Strickland* standard.")
The Supreme Court has acknowledged a person's right to effective assistance of counsel
on appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985) ("[N]ominal representation on an appeal
as of right—like nominal representation at trial—does not suffice to render the
proceedings constitutionally adequate; a party whose counsel is unable to provide
effective representation is in no better position than one who has no counsel at all.")

The "Federal Constitution imposes one general requirement: that counsel make
objectively reasonable choices." *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000).
"Counsel who consults with the defendant performs in a professionally unreasonable
manner only by failing to follow the defendant's express instructions about [filing] an
appeal." *Id.* at 478. Furthermore, "[e]xperienced advocates since time beyond memory
have emphasized the importance of winnowing out weaker arguments on appeal and
focusing on one central issue if possible, or at most on a few key issues." *Jones v.
Barnes*, 463 U.S. 745, 751 (1983).

Petitioner argues he received ineffective assistance of appellate counsel for the
following reasons: (1) Counsel failed to appeal the Court's overruling Counsel's
objection under *Crawford v. Washington* to playing the tape of jailhouse conversation
that took place between Petitioner and Coconspirator W; (2) Counsel failed to renew his
motion for mistrial on appeal after the AUSA's rebuttal argument said "I'm not gonna try
and explain to you what reasonable doubt is, because when that happens, that's lawyers
trying to get you to view the law the way they want you to view it"; (3) Counsel failed to
explain to Petitioner that, as trial and appellate counsel, it was inappropriate and unethical
for him to advise Petitioner regarding whether there were issues of ineffectiveness of
counsel; and (4) Counsel failed to appeal Petitioner's conviction on the ground that there
was insufficient evidence to show that Petitioner participated in the crime for which he

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                      Date:  September 20, 2012
      SACR 05-0072-DOC                                                      Page 15

---

was convicted. Mot. (Dkt. 1) at 4-5.The Court concludes all four allegations fail the first prong of the *Strickland* test, and thus there is no need to discuss the second prong.

> **i.   Allegation 1: Counsel failed to appeal the Court's overruling of Counsel's objection to playing the tape of a jailhouse conversation**

Petitioner claims he received ineffective assistance of counsel because Counsel failed to appeal the Court's overruling of Counsel's objection to playing the tape of a jailhouse conversation that took place between Petitioner and Coconspirator W. Mot. (Dkt. 1) at 4. Counsel's objection at trial was based on *Crawford v. Washington*, which held that "[t]estimonial statements of witnesses absent from trial [are] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). At trial, Counsel objected to the playing of the recording. Mot. (Dkt. 1) at 4.  The Petitioner argues that the prosecution interpreted the conversation as referring to the robbery and that, because Coconspirator W never took the stand, there was no opportunity for cross-examination. *Id.* Petitioner argues Counsel should have appealed the overruling because the Court's decision to overrule the objection rendered the trial unfair. *Id.*

The Government counters that playing the jailhouse recordings did not violate *Crawford* because the Supreme Court stated in *Crawford* that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51. Resp. (Dkt. 250) at 9.

Here, the Court finds that the Petitioner has not provided sufficient facts to show that the admission of the recording was improper. In *Crawford*, the Supreme Court defines testimonial evidence as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51 (internal quotations omitted). The Supreme Court also gives several examples of types of evidence that could be considered testimonial, such as statements made to the police, examinations made while in custody, affidavits, depositions, and prior testimonies. *Id.* at 51-53.

Here, the recording played at trial was a conversation among coconspirators, and not a statement made by Coconspirator W to any person of authority intending to make a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                    Date:  September 20, 2012
      SACR 05-0072-DOC                                                        Page 16

---

declaration or affirmation. The Petitioner does not allege that Coconspirator W meant for the police or other government authorities to overhear the conversation. Thus, Petitioner has not provided sufficient information to show that the recording was testimonial, and therefore the Court does not find a violation of *Crawford*. Counsel is not required to raise "untenable issues on appeal." *Turner  v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). As Counsel acted with objective reasonableness regarding Petitioner's appeal by not raising an unmeritorious claim, the first allegation fails to meet the first requirement of establishing ineffective assistance of counsel, thus the Motion based on the first allegation is DENIED.

> **ii.      Allegation 2: Counsel failed to appeal denial of his motion for a mistrial after the AUSA's rebuttal argument**

Petitioner claims Counsel provided ineffective assistance because he failed to appeal the denial his motion for a mistrial after the AUSA's rebuttal argument said "I'm not gonna try and explain to you what reasonable doubt is, because when that happens, that's lawyers trying to get you to view the law the way they want you to view it." Mot. (Dkt. 1) at 4.

The Government argues that Petitioner presents no grounds for a mistrial based on the AUSA's rebuttal argument because the Petitioner provides no authority to explain why the statements are improper. Resp. (Dkt. 250) at 9.

Here, Petitioner neither explains why the AUSA's statements are grounds for a mistrial, nor cites any authority to support his allegation. The Court holds that the AUSA's statement is not grounds for a mistrial, as Petitioner has cited no authority to support his argument.

Because Counsel is not obligated to file an appeal for "untenable issues," the Court finds that Counsel acted with objective reasonableness. Thus, the first *Strickland* requirement to establish ineffective assistance of counsel is not met and the Motion for ineffective assistance of counsel on the basis of the second allegation is DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                      Date:  September 20, 2012
      SACR 05-0072-DOC                                                              Page 17

---

             **iii.**     **Allegation 3: Counsel failed to explain to Petitioner that as trial and appellate counsel it was inappropriate and unethical for him to advise Petitioner regarding whether there were issues of ineffectiveness of counsel**

Petitioner alleges that Counsel failed to explain to Petitioner that, as both trial and appellate counsel, it was inappropriate and unethical for Counsel to advise Petitioner regarding whether there were issues of ineffective assistance of counsel. Mot. (Dkt. 1) at 4. Petitioner's Reply cites to *Ciak v. United States*, 59 F.3d 296, 303 (2d Cir. 1995) ("It is rare the attorney who can be expected to contend on appeal that his representation was so poor that he deprived his client of a fair trial.") and *Hoffman v. Arave*, 236 F.3d 523 (9th Cir. 2001) ("Not surprisingly, Hoffman's trial counsel failed to raise and argue the issue of their own ineffectiveness in post-conviction proceedings.").

Counsel claims he consulted with Petitioner and that based on the facts the best argument on appeal would be that the robbery did not interfere with interstate commerce. Counsel Decl. (Dkt. 252) at ¶ 14. Counsel also claims he informed the Petitioner that he was free to choose another lawyer from the appellate panel. *Id.* Counsel states that the Petitioner agreed with the strategy. *Id.*

Here, the Ninth Circuit case cited by Petitioner, *Hoffman v. Arave*, never held that it is inappropriate or unethical for an attorney to represent the same client at trial and on appeal. *Hoffman*, 236 F.3d at 530. In *Hoffman*, the petitioner was trying to raise a claim of ineffective assistance of counsel in a 28 U.S.C. § 2254 motion after the state court had ruled that the claim was procedurally barred because it was not raised in the first appeal. *Id.* at 530. The Ninth Circuit held that when a petitioner is represented by the same counsel at trial and on appeal, the petitioner will not be procedurally barred from collaterally attacking the sentence on the grounds of ineffective assistance of appellate counsel. *Id.* at 531-532.

*Hoffman* does not stand for the premise that the trial counsel's failure to advise the petitioner about potential ineffective assistance of counsel claims is unethical and inappropriate. To the contrary, *Hoffman* acknowledges that it is not surprising that trial counsel failed to raise the issue of their ineffective assistance of counsel and creates a safeguard based on this potential conflict of interest by allowing a petitioner to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                     Date:  September 20, 2012
     SACR 05-0072-DOC                                              Page 18

---

collaterally attack his sentence on the grounds that an argument should have been raised on appeal but was not due to ineffective assistance of appellate counsel. *Id.* at 523. *See also Alston v. Garrison*, 720 F.2d 812, 816 (4th Cir. 1983), (stating, in a case where petitioner was represented by the same counsel at trial and on appeal, "it is obvious that ineffective assistance of counsel is not likely to be raised at trial or to appear among the assignments of constitutional error.") Because the Ninth Circuit recognized this potential conflict, in cases where the petitioner is represented by the same counsel at trial and on appeal, petitioners are not procedurally barred from collaterally attacking their sentence for ineffective assistance of counsel, even if the claim was not raised on appeal. *Hoffman*, 236 F.3d at 531-532. Petitioner fails to establish that Counsel's performance based on the third allegation of ineffective assistance of appellate counsel fell below the objectively reasonable standard.

Because Petitioner's argument is based on the faulty premise that it is unethical or inappropriate for an attorney to represent the same client at trial and on appeal, Petitioner has failed to satisfy the first *Strickland* factor. Thus, the ineffective assistance of appellate counsel based on the third claim is DENIED.

### iv.    Allegation 4: Counsel failed to appeal Petitioner's conviction on the ground of insufficient evidence

Petitioner argues that Counsel's failure to appeal Petitioner's conviction on the ground that there was insufficient evidence to show that Petitioner participated in the crime for which he was convicted is grounds for finding ineffective assistance of counsel. Mot. (Dkt. 1) at 4.

The Government's Response cites to the record to show the evidence presented at trial included testimony of Coconspirator R and the testimony by two government agents that Petitioner confessed to the robbery. Resp. (Dkt. 250) Ex. A, Ex. C.

Petitioner's allegation that there was insufficient evidence to support the verdict is not supported by the record. Given the weight of the evidence presented against Petitioner, to appeal on the grounds of insufficient evidence would have been a futile attempt that would have diluted the strength of other arguments on appeal. Counsel's actions or inactions regarding the appeal were not unreasonable, thus the first part of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                              Date:  September 20, 2012
      SACR 05-0072-DOC                                                   Page 19

---

*Strickland* test is unmet and Petitioner's Motion based on the fourth allegation is
DENIED.

**v.      Conclusion**

      Because the four claims of ineffective assistance of appellate counsel fail on the
first prong of the *Strickland* test, it is unnecessary to discuss the second prong, namely
whether "there is a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.
Thus, for the foregoing reasons, the § 2255 motion on the grounds of ineffective
assistance of appellate counsel is DENIED.

**c.  Claims of "Prosecutorial Misconduct" are Procedurally Barred**

      The Petitioner's allegations of "procedural misconduct" were not raised on appeal
and thus are procedurally barred.

      The Supreme Court has stated that "[h]abeas review is an extraordinary remedy
and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S.
614, 621 (1998) (citations omitted.) In order "to obtain collateral relief based on trial
errors to which no contemporaneous objection was made [and which were not raised on
appeal], a convicted defendant must show both": (1) cause and (2) actual prejudice.
*United States v. Frady*, 456 U.S. 152, 167-168 (1982).

      In order to show cause for collateral relief on issues that are procedurally barred
the Petitioner would have to prove ineffective assistance of counsel or an external
impediment that prevented counsel from raising the claim. *Murray v. Carrier*, 477 U.S.
478, 488, 492 (1986). The Supreme Court stated, "[s]o long as a defendant is represented
by counsel whose performance is not constitutionally ineffective under the standard
established in *Strickland v. Washington* . . . we discern no inequity in requiring him to
bear the risk of attorney error that results in a procedural default." *Carrier*, 477 U.S. at
488. *See also, United States v. Gonzalez-Largo*, 2:07-CR-0014 JCM RJJ, 2012 WL
3245522 (D. Nev. Aug. 7, 2012) (citing to *Carrier*, 477 U.S. at 492) ("As petitioner
cannot show ineffective assistance of counsel, he must show 'some external impediment
preventing counsel from constructing or raising the claim' to establish sufficient cause to
excuse the procedurally defaulted § 2255 claim."). Possible external impediments include
but are not limited to: "a showing that the factual or legal basis for a claim was not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                                    Date:  September 20, 2012
      SACR 05-0072-DOC                                                     Page 20

---

reasonably available to counsel . . . or that some interference by officials made compliance impracticable." *Carrier*, 477 U.S. at 488 (internal citations omitted).

### i.  Petitioner's Motion fails to show cause to excuse procedural default

Petitioner alleges that claims not previously presented on appeal were not presented because the trial and appellate attorney was the same person and Counsel's assistance was ineffective. Mot. (Dkt. 1) at 6. Here, the Court found that Petitioner's counsel was not constitutionally ineffective based on the *Strickland* factors, therefore the Petitioner must allege another basis for excusing the procedural default. As no external impediment is alleged, there are no grounds upon which this Court can find cause to excuse the procedural default.

### ii.  Conclusion

As Petitioner is unable to establish cause to excuse the procedural default, it is unnecessary to discuss whether Petitioner's allegations of prosecutorial misconduct led to actual prejudice. Because the allegations of prosecutorial misconduct are procedurally barred, the § 2255 Motion on the grounds of prosecutorial misconduct are DENIED.

### d.  Appealability

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-0601-DOC                          Date:  September 20, 2012
      SACR 05-0072-DOC                                                  Page 21

district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Here, Petitioner has not made the requisite showing with respect to any of the constitutional claims in the Petition. Accordingly, a Certificate of Appealability is denied.

## IV.    Disposition

For the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Additionally, the Court DENIES to issue a Certificate of Appealability.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: jcb